## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| USAA Federal Savings Bank | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>59 Goosepecker Ridge Road, Freedom, ME 04941 |
| Adam G. King and Jennifer B. King | Mortgage:<br>October 30, 2017<br>Book 4219, Page 227<br>Waldo County Registry of Deeds |
| Defendants | |

NOW COMES the Plaintiff, USAA Federal Savings Bank, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Adam G. King and Jennifer B. King, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by USAA Federal Savings Bank, in which the Defendant, Adam G. King, is the obligor and the total

amount owed under the terms of the Note is One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. USAA Federal Savings Bank is a Federally-Chartered Association (Charter 707975) with its principal/main place of business located at 1 Norterra Drive, Phoenix, AZ according to the records of the Comptroller of the Currency.

5. The Defendant, Adam G. King, is a resident of Freedom, County of Waldo and State of Maine.

6. The Defendant, Jennifer B. King, is a resident of Benton, County of Waldo and State of Maine.

## FACTS

7. On October 27, 2017, by virtue of a Warranty Deed from Eric J. Clark, which is recorded in the Waldo County Registry of Deeds in **Book 4219, Page 225**, the property situated at 59 Goosepecker Ridge Road, City/Town of Freedom, County of Waldo, and State of Maine, was conveyed to Adam G. King, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On October 30, 2017, Defendant, Adam G. King, executed and delivered to USAA Federal Savings Bank a certain Note under seal in the amount of $166,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on October 30, 2017, Defendants, Adam G. King and Jennifer B. King, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for USAA Federal Savings Bank, securing the property located at 59 Goosepecker Ridge Road, Freedom, ME 04941 which Mortgage Deed is recorded in the Waldo County Registry of Deeds in **Book 4219**, **Page 227**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to USAA Federal Savings Bank by virtue of an Assignment of Mortgage dated September 11, 2020, and recorded in the Waldo County Registry of Deeds in **Book 4542**, **Page 308**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On December 28, 2020, the Defendant, Adam G. King, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $160,298.67 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder.  That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action.  *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

12. On July 16, 2025, the Defendants, Adam G. King and Jennifer B. King, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendants, Adam G. King and Jennifer B. King, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

14. The Defendants, Adam G. King and Jennifer B. King, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, USAA Federal Savings Bank, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, USAA Federal Savings Bank, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, USAA Federal Savings Bank, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

18. The total debt owed under the Note and Mortgage as of December 15, 2025, is One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $145,978.25 |
| Interest | $3,817.48 |
| Unpaid Late Charges | $108.12 |
| Escrow Advance | $2,060.29 |
| Lender Paid Expenses | $1,539.05 |
| Grand Total | $153,503.19 |

19. Upon information and belief, the Defendant, Adam G. King is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

20. The Plaintiff, USAA Federal Savings Bank, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 59 Goosepecker Ridge Road, Freedom, County of Waldo, and State of Maine. *See* Exhibit A.

22. The Plaintiff, USAA Federal Savings Bank, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, USAA Federal Savings Bank, has the right to foreclosure and sale upon the subject property.

23. The Plaintiff, USAA Federal Savings Bank, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendants, Adam G. King and Jennifer B. King, are presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2025, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of December 15, 2025, is One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19) Dollars.

26. The record established through the Waldo County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendants, Adam G. King and Jennifer B. King's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

28. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Adam G. King and Jennifer B. King, on July 16, 2025, evidenced by the Certificate of Mailing. *See* Exhibit F.

29. The Defendants, Adam G. King and Jennifer B. King, are not in the Military as evidenced by the attached Exhibit G.

30. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, USAA Federal Savings Bank, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On October 30, 2017, the Defendant, Adam G. King, executed under seal and delivered to USAA Federal Savings Bank a certain Note in the amount of $166,000.00. *See* Exhibit B.

33. The Defendant, Adam G. King, is in default for failure to properly tender the March 1, 2025, payment and all subsequent payments. *See* Exhibit F.

34. The Plaintiff, USAA Federal Savings Bank, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Adam G. King.

35. The Defendant, Adam G. King, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant, Adam G. King's, breach is knowing, willful, and continuing.

37. The Defendant, Adam G. King's, breach has caused Plaintiff, USAA Federal Savings Bank, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of December 15, 2025, if no payments are made, is One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19) Dollars.

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

40. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

41. The Plaintiff, USAA Federal Savings Bank, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. By executing, under seal, and delivering the Note, the Defendant, Adam G. King, entered into a written contract with USAA Federal Savings Bank who agreed to loan the amount of $166,000.00 to the Defendant. *See* Exhibit B.

43. As part of this contract and transaction, the Defendants, Adam G. King and Jennifer B. King, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

44. The Plaintiff, USAA Federal Savings Bank, is the proper holder of the Note and successor-in-interest to USAA Federal Savings Bank, and has performed its obligations under the Note and Mortgage.

45. The Defendants, Adam G. King and Jennifer B. King, breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2025, payment and all subsequent payments. *See* Exhibit F.

46. The Plaintiff, USAA Federal Savings Bank, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Adam G. King.

47. The Defendants, Adam G. King and Jennifer B. King, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

48. The Defendants, Adam G. King and Jennifer B. King, are indebted to USAA Federal Savings Bank in the sum of One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19) Dollars, for money lent by the Plaintiff, USAA Federal Savings Bank, to the Defendants.

49. Defendants, Adam G. King and Jennifer B. King's, breach is knowing, willful, and continuing.

50. Defendants, Adam G. King and Jennifer B. King's, breach has caused Plaintiff, USAA Federal Savings Bank, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

51. The total debt owed under the Note and Mortgage as of December 15, 2025, if no payments are made, is One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19) Dollars.

52. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

53. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

54. The Plaintiff, USAA Federal Savings Bank, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. USAA Federal Savings Bank, predecessor-in-interest to USAA Federal Savings Bank, loaned the Defendant, Adam G. King, $166,000.00.  *See* Exhibit B.

56. The Defendants, Adam G. King and Jennifer B. King, have failed to repay the loan obligation.

57. As a result, the Defendants, Adam G. King and Jennifer B. King, have been unjustly enriched to the detriment of the Plaintiff, USAA Federal Savings Bank as successor-in-interest to USAA Federal Savings Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

58. As such, the Plaintiff, USAA Federal Savings Bank, is entitled to relief.

59. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, USAA Federal Savings Bank, prays this Honorable Court:

a)  Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, USAA Federal Savings Bank, upon the expiration of the period of redemption;

d) Find that the Defendant, Adam G. King, is in breach of the Note by failing to make payment due as of March 1, 2025, and all subsequent payments;

e) Find that the Defendants, Adam G. King and Jennifer B. King, are in breach of the Mortgage by failing to make payment due as of March 1, 2025, and all subsequent payments;

f) Find that the Defendants, Adam G. King and Jennifer B. King, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Adam G. King and Jennifer B. King, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2025, and all subsequent payments;

h) Find that the Plaintiff, USAA Federal Savings Bank, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Adam G. King and Jennifer B. King have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, USAA Federal Savings Bank, to restitution;

k) Find that the Defendants, Adam G. King and Jennifer B. King, are liable to the Plaintiff, USAA Federal Savings Bank, for money had and received;

l) Find that the Defendants, Adam G. King and Jennifer B. King, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Adam G. King and Jennifer B. King, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, USAA Federal Savings Bank, is entitled to restitution for this benefit from the Defendants, Adam G. King and Jennifer B. King;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Adam G. King and Jennifer B. King, and in favor of the Plaintiff, USAA Federal Savings Bank, in the amount of One Hundred Fifty-Three Thousand Five Hundred Three and 19/100 ($153,503.19 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
USAA Federal Savings Bank,
By its attorneys,

Dated: December 22, 2025

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com